IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | |
| | § | |
| MICHAEL JOSEPH CARR, | § | No. 3:15-mj-354-BN |
| | § | |
| Defendant. | § | |
| | § | |

## DETENTION ORDER

Defendant Michael Joseph Carr is charged with enticement of a minor in violation of 18 U.S.C. § 2422(b) in a criminal complaint out of this district.

On May 27, 2015, a hearing was held on the government's motion for detention. Defendant appeared in person and through counsel and announced ready to proceed. The government appeared through an Assistant United States Attorney for the Northern District of Texas and likewise announced ready.

On the record today, the Court found probable cause to believe that Defendant committed the offense alleged in the complaint in this case.

The government moves for pretrial detention pursuant to 18 U.S.C. § 3142. The government seeks pretrial detention based on its assertions that there is a serious risk that Defendant will flee, that Defendant is charged with a crime of violence, and that the charged offense is a felony involving a minor victim. The government asserts, as grounds for detention, that there is no condition or combination of conditions that could be set to reasonably assure Defendant's

appearance as required or to reasonably assure the safety of any other person and the community if Defendant were to be released.

"For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community, is sufficient; both are not required." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992). Further, the government has invoked the 18 U.S.C. § 3142(e)(3) rebuttable presumption because Defendant is charged with an offense involving a minor under 18 U.S.C. § 2422. Where, as here, the presumption applies, although the burden of persuasion remains always with the government, Defendant must produce sufficient evidence to rebut the presumption. *See United States v. Hare*, 873 F.2d 796, 798-99 (5th Cir. 1989).

Even if Defendant has come forward with sufficient evidence to rebut the presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community,"18 U.S.C. § 3142(e)(3), the government may prove by a preponderance of the evidence that there is no condition or combination of conditions that could be set to reasonably assure Defendant's appearance as required or by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of the community or another person if Defendant were released, *see United States v. Fortna*, 769 F.3d 243, 250 (5th Cir. 1985).

2

The Court has considered the testimony of the case agent and Defendant's mother and the arguments of counsel, in light of the factors listed in 18 U.S.C. § 3142(g) – including the nature and circumstances of the offense charged, the apparent weight of the evidence against Defendant, and Defendant's history and characteristics.

For the reasons stated on the record at the hearing, the Court finds that Defendant has not come forward with sufficient evidence to rebut the Section 3142(e)(3) presumption that there is no condition or combination of conditions that could be set to reasonably assure the safety of the community or another person if Defendant were released and that, even if Defendant had come forward with sufficient evidence to rebut the Section 3142(e)(3) presumption, the government has proved by clear and convincing evidence that there is no combination of conditions that will reasonably assure the safety of the community if Defendant were released.

The evidence shows that Defendant, using the internet, enticed a 15-year-old girl to meet and engage in sexual intercourse with him and that he has had internet-based and in some instances sexually explicit communications with others who are apparently minors, including through the use of a fake profile on the MeetMe social networking site to appear to be younger than he is for the purpose of meeting minors, and that Defendant possessed and traded child pornography videos and admitted that he is attracted to girls as young as 14 years of age. Defendant

lived with his mother his entire life and now lives in an apartment that is attached to a self-storage business and next to an elementary school.

Defendant offers that his mother, who works as the property manager at the storage facility on-site, is willing to be a third-party custodian and that he is currently on bond on related state charges, including home detention, GPS monitoring, and restriction from any internet access – including no access to computers – although he is permitted a phone with texting capability. But the government notes that the state court, when releasing Defendant on bond after two hearings, was not aware of, at least, the child pornography in Defendant's possession.

Even considering the rather strict conditions on which the state court has released Defendant, after considering the evidence of Defendant's charged conduct, possession of child pornography, and his efforts to communicate with minors, all within regular proximity to a school and a business to which children periodically come, the Court finds there is no combination of currently-imposed or additional conditions that will reasonably assure that Defendant will not engage in further activity that poses a danger to the community if he is released on conditions.

Based on the facts explained above, and the Court's findings based on those facts, the Court finds there is no condition or combination of conditions that could be set to reasonably assure the safety of the community or another person if

Defendant were released. Accordingly, the Government's motion for detention is GRANTED.

It is ORDERED that Defendant be, and he is hereby, committed to the custody of the Attorney General and United States Marshal pending further proceedings. It is ORDERED that while in the custody of the Attorney General and the United States Marshal, Defendant shall be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. It is ORDERED that Defendant, while being so held, be afforded reasonable opportunity for private consultation with counsel. It is further ORDERED that, on an Order of a Court of the United States or at the request of the attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings.

SO ORDERED.

DATED: May 27, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE