UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:15-CR-00276-B-1 |
| | § | |
| MICHAEL JOSEPH CARR, | § | |
| | § | |
| Defendant. | § | |

# ORDER

Upon motion of the defendant for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors set forth in 18 U.S.C. § 3553(a) as applicable here and the applicable policy statements issued by the Sentencing Commission, to the extent they are consistent with a sentencing reduction,

IT IS ORDERED that the motion is:

( ) GRANTED.

    ( ) The defendant's previously imposed sentence of imprisonment of _____ months is reduced to _____ months. If this sentence is less than the amount of time the defendant has already served, the sentence is reduced to a time-served sentence; or

    ( ) Time served.

    ( ) In order to allow the Bureau of Prisons and Probation time to process the defendant for release, the Bureau of Prisons may delay the defendant's release up to _____ days after the Clerk of Court enters this Order on the docket.

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.

( ) DEFERRED pending supplemental briefing. The court DIRECTS the United States Attorney to file a response on or before _____, 2020, along with all Bureau of Prisons records [medical, institutional, administrative] supporting the approval or denial of this motion.

(**X**) DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES as required by 18 U.S.C. § 3582(c)(1)(A) (failure to fully exhaust all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf; the lapse of 30 days from the receipt of such a request by the Warden, whichever is earlier).

> Defendant offers no proof that he exhausted his administrative remedies. He mentions only that he sent a letter request to the warden previously and has not heard back. Defendant also does not provide specific factual information unique to his own circumstances and/or his pre-existing medical conditions. Based on this, the Court concludes that Defendant has failed to exhaust his administrative remedies and that the Bureau of Prisons (BOP) should have the first opportunity to address his request for compassionate release based on the COVID-19 pandemic.

(**X**) DENIED, in the alternative, after complete review of the motion on the merits. Factors considered (optional):

> Defendant's motion plainly fails to identify extraordinary or compelling reasons for a sentence reduction consistent with the Sentencing Guidelines policy statement. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(1)(A) & cmt. n.1. Although he generally mentions that he is a "care level 3 patient" and suffers from pre-existing chronic conditions (type 1 diabetes, hypertension, and hyperthyroidism), he does not present any unique circumstances regarding his medical conditions that would suffice to show extraordinary and compelling reasons for compassionate release. Moreover, general concerns about COVID-19 without more are simply insufficient to invoke Section 3582(c)(1)(A). Thus, Defendant is not entitled to relief at this time.

( ) Defendant's request for release to home confinement is DENIED as the CARES Act does not grant the courts statutory authority to modify a defendant's place of incarceration.

> SO ORDERED.
>
> This 7th day of May, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE