TRULINCS 49542177 - CARR, MICHAEL JOSEPH - Unit: FTW-D-A



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 19 2020

CLERK, U.S. DISTRICT COURT
By _____ Deputy

3:15-cr-276

FROM: 49542177 CARR, MICHAEL JOSEPH
TO: "Carol Carr" <ccarr.locks@gmail.com>
SUBJECT: Court Doc
DATE: 05/12/2020 10:11 PM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

Michael Joseph Carr v United States of America

Crim No. 3:15-CR-00276-B-1

Emergency Motion for Compassionate Release Due to COVID-19 Pandemic
Motion to Reconsider

   Comes now defendant Michael Joseph Carr, Reg No. 49542-177, pro se requesting that this Court reconsider its previous ruling on defendant's motion for Reduction of Sentence/Compassionate Release to Home Confinement pursuant to the First Step Act 18 USC & 3582(C)(1)(A) and/or 18 USC &3582(C)(1)(A)(i) due to medical conditions and medications that make defendant susceptible to contracting and/or dying from COVID-19.

   On 04/26/2020, defendant filed his motion for Reduction of Sentence/Compassionate Release to Home Confinement with this Court. This motion was filed due to defendant's diagnosis of Severe Type 1 Diabetes Mellitus, Hypertension, Hypothyroidism, among other health issues, as well as the serious outbreak of the COVID-19 virus at the Federal Medical Center located in Fort Worth, TX where the defendant is incarcerated. On 05/07/2020, defendant received the order in which the Honorable Judge Jane J. Boyle gave the reasons why she ruled against the defendant. He now submits this motion to the court to review it as well as his previous request for Reduction of Sentence/Compassionate Release to Home Confinement.

FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

   Due to the COVID-19 outbreak at the FMC Fort Worth and the serious potential health issues should he contract it, defendant requests that his sentence is reduced and/or he put on home confinement, return to incarceration after epidemic is contained if need be, and that he be excused for his failure to exhaust his administrative remedies. To date, there have been 600+ inmates that have contracted the COVID-19 virus, with 5 deaths recorded. That number reflects more than 40% of the total inmates assigned to FMC Ft. Worth. The CDC has officially declared the facility a hotspot and has begun visitation to combat the spread. Under the First Step Act, prisoners are provided two direct routes to the Court: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion, or (2) file a motion after "the lapse of thirty days from the receipt...of such a request" by the warden of the defendant's facility, "whichever is earlier".

   The changes gave the district Judge "the ability to grant a prisoner's motion for compassionate release even in the face of the BOP's opposition or its failure to respond to the prisoner's compassionate release request in a timely manner." UNITED STATES v YOUNG 2020 WL, at *5 (M.D. Tenn, Mar 3, 2020).

   As stated above, defendant did not satisfy the exhaustion requirement under 18 USC &3582(C)(1)(A) and asks the court to waive that requirement because of the severe health risks, even death, it could pose to him should he contract it. Defendant is still in process and awaiting reply. Therefore, in support of his request to waive the requirement, he argues on these grounds:

   "Even where exhaustion is seemingly mandated by statute...the requirement is not absolute." WASHINGTON v BARR, 925 F. 3d 109,118 (2nd. Cir 2019). There are generally three basis for waiver of an exhaustion requirement. See UNITED STATES v PEREZ, No. 19er513-3(AT) ECF No. 98 at 3-4 (S.D.N.Y. Apr 1, 2020) (discussing exceptions to statutory exhaustion in context of motion for compassionate release during COVID-19 pandemic.

   "First, exhaustion may be unnecessary where it would be futile, either because agency decision makers are biased or because the agency has determined the issue." Washington, 925 F. 3d at 118 "Undue delay, if it in fact results in catastrophic health consequences, could make exhaustion futile." Id. at 120. Secondly, "exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief" including situations where "the relief the agency might provide could, because of undue delay, become inadequate." Id. at 119-20. Third, "exhaustion may be unnecessary where pursuing agency review would subject plaintiffs to undue prejudice." Id at 119.

TRULINCS 49542177 - CARR, MICHAEL JOSEPH - Unit: FTW-D-A

------------------------------------------------------------------------------------------

Defendant believes all three of these exceptions apply here. First, if defendant contracts COVID-10 before his appeals are exhausted, that undue delay might cause him to endure precisely the "catastrophic health consequences" he now seeks to avoid (see CDC guidance). Moreover, the relief that the agency might provide could, because of undue delay, become inadequate. Finally, "defendant could be unduly prejudiced by such delay." See also BOWEN v CITY OF NEW YORK 476 US 467,483 (1986) (holding that irreparable injury justifying the waiver of exhaustion requirements exists where "the ordeal of having to go through the administrative process may trigger a severe medical setback.") ABBEY v SULLIVAN. 978 F. 2nd 37,46 (2d Cir 1992) ("If the delay attending exhaustion would subject claimants to deteriorating health...then waiver may be appropriate.") NEW YORK v SULLIVAN, 906 F. 2d 910,918 (2d Cir 1990) (holding that waiver was appropriate where "enforcement of the exhaustion requirement would cause the claimant's irreparable injury" by risking "deteriorating health, and possibly...even death."

Here, even a few days delay carries the risk of catastrophic health consequences for the defendant with the continued spread and loss of life present throughout FMC Ft. Worth.

FAILURE TO IDENTIFY EXTRAORDINARY OR COMPELLING REASONS FOR SENTENCE REDUCTION

Consistent with Sentencing Guidelines policy statement, 18 USC &3582(c)(1)(A); USSG & 1B1.13(1)(A) cmt.n.1, defendant has multiple medical factors and conditions that qualify him for grounds of compassionate release. Both diabetes and hypertension place him at high risk according to policy, issues that have only grown more pronounced (ie. severe low blood sugar episodes) since the quarantine lockdown procedures that make normal medical care much more difficult or downright impossible.

According to the CDC Guidelines posted on BOP Bulletins and made available to the public on 04/20/2020 "What Can You Do if You Are At Higher Risk of Severe Illness from COVID-19", the CDC details as follows:
"Based on what we know, those at high risk for severe illness from COVID-19 are:
-people 65 and older
-people who live in nursing home or long term care facilities (*FMC Ft Worth)
People of 'all ages' with 'underlying medical conditions particularly not well controlled including:
-people with chronic lung disease or moderate to severe asthma
-people who have serious heart conditions
-people who are immunocompromised*
-people with severe obesity
-people with diabetes*
-people with liver disease
-people with chronic kidney disease undergoing dialysis"
See cdc.gov/coronavirus for further information.

Per CDC guidelines severe brittle type 1 diabetes and hypertension are both conditions at extensive risk to COVID-19. The fact that COVID-19 is currently running rampant through our facility and with the CDC visiting the compound after declaring the facility a 'hot spot' to find some attempt to prevent the rapid spread, with 600+ inmates infected so far, clearly shows extraordinary and compelling evidence for compassionate release to home confinement, at least until this epidemic is contained.

These are no general claims. The reasoning behind the defendant's denial of extraordinary/compelling reasons can further be contradicted by news reports of the most recent mortality at the facility due to the disease having suffered from similar issues (diabetes) as he. Due to the rearrangement of medical treatment as a care level 3 inmate during this epidemic, the defendant has documented severe hypoglycemic episodes as well as general issues with care for a disease which makes him more susceptible to contracting this illness.

Risk Assessment/Reentry Review

As previously listed, defendant is requesting the chance for home confinement.

He has a stable home environment to be released to, a means to retrieve medical care and treatment via federally mandated insurance, has means of finding gainful employment as a college graduate and after many years of BOP programming. He is a low level security, first time offender with camp level points. He has had a single incident report in his five years incarcerated (in early 2019), has maintained a job and contact through family at each facility he has been housed at, is involved with no gang affiliation or violent activity and is First Step Act eligible.

Release Information:

TRULINCS 49542177 - CARR, MICHAEL JOSEPH - Unit: FTW-D-A
---

Carol Carr (Mother) 972-815-5838
PO BOX 262155
Plano, TX 75026

Larry & Debbie Krpec (Aunt and Uncle)
897 Country Road 3250
Mount Pleasant, TX 75455

Medications Listings:

Insulin Regular (Treatment of Type 1 Diabetes Mellitus) 4X Daily 5-7 units + slide scale
Insulin Lantus (Treatment of Type 1 Diabetes Mellitus) 1X Daily 36 Units
Linsinopril 2.5 mg (Treatment of Hypertension) 1X Daily
Levothyroxine 100 mcg (Treatment of Hypothyroidism)
Aspirin 81 mcg (Heart Issue Prevention) 1X Daily
Atorvastation 20 mg (Heart Issue Prevention) 1X Daily
Tamsulosin HCl 0.4 MG (Bladder Issues) 1X Daily

Prayer

   Defendant prays that this court will reconsider and grant relief as to home confinement set forth under 18 USC &3624(C)(2), and that he be tested for the COVID-19 by the FMC Fort Worth before his relief. Defendant prays for the chance to reintroduce himself to society as a law-abiding citizen ready to move on with his life, to work and contribute as best he can. To support his loved ones and never find himself in the situation he finds himself in again. He only hopes for the chance to do so. Thank you.

Declaration

   Defendant Michael Joseph Carr, Reg # 49542-177, hereby swears that the foregoing statements are true and correct to the best of his knowledge.

*[signature]*

TRULINCS 49542177 - CARR, MICHAEL JOSEPH - Unit: FTW-D-A

---

FROM: 49542177 CARR, MICHAEL JOSEPH
TO: Exec Assist/Admin Remedy Coordinator
SUBJECT: ***Request to Staff*** CARR, MICHAEL, Reg# 49542177, FTW-D-A
DATE: 05/12/2020 09:12 PM

To: Warden Wilson
Inmate Work Assignment: RCA Dallas

Warden Wilson,

I am hoping this staff request might reach you via the executive assistant. I have previously contacted you via letter in subject to Compassionate Release and am restating the information via electronic submission if that may prove easier.

I am writing with the hope that I may qualify for consideration to Home Confinement Due to COVID-19 Care Act. With the ammount of infection and CDC designation of the institution as a hot spot despite the BOP's efforts to contain the virus, I am concerned for my continued medical treatment and care. As a type 1 insulin dependent brittle diabetic with hypertension and hypothyroidism, I fall strictly under the CDC and Care Act guidelines as one highly susceptible to catastrophic health consequences should I contract the virus.

I have a designated release location as well as a back up if need be. I have a college education and have continued my education through multiple programming the BOP offered at my previous facility (VT classes as well as Unicor Factory Employment), am a low security inmate with camp level points, first time offender and First Step Act Elligable, have had no incident reports with the last 12 months, have kept in contact with the outside and my family, have completed programming specific to my charge for the benefit of my release. My mother, who is 66 and a type 2 diabetic at risk, will support me and I will support her on my release. I have no doubt with my education and experience before and after incarcertion will lead to employment. I have means of insurance through federally mandated release insurance and will gain insurance through employment within that time period.

I know you get a lot of these, I can't even imagine how many you are having to sort through, but I feel that I qualify. I hope that you can at least consider me qualifying. I've made and paid for my choices and I just want the chance to make better ones and reintigrate myself into society. I just want a chance to live again and I worry that my future might be jeapardized as a result of this pandemic. Home Confinement, even if just until the pandemic is maintained, I feel is in my benefit and I hope to hear your response.

Thank you.

Release Contact

Carolyn Carr (Mother)
PO BOX 262155
Plano Tx, 75026
972-815-5838

Alternative
Larry and Debbie Krpec (Uncle and Aunt)
897 County Road 3250
Mount Pleasant, TX

RECEIVED
MAY 19 2020
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

In addition to the motion, enclosed is the latest request for administrative remedy prior letter to warden 3 weeks previous yet unanswered. Defendant is following both methods in addition to waiver request. As of 5/13/20, FMC Ft Worth has gone under fire from county and local news for having failed to test more than 93 of its 300 employees. Further evidence of extraordinary circumstance backing failure to proper medical care and need for confinement.

- 5/14/20

Micheal
FMC Ft. Worth
PO Box 15330
Ft Worth, TX 76119



Office of the Clerk
Northern District of TX
1100 Commerce St
Dallas, TX 75242

75242-102799