UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:15-CR-276-B-1 |
| | § | |
| MICHAEL JOSEPH CARR, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Defendant Michael Joseph Carr's April 19, 2020 emergency motion to reconsider the order denying his motion to reduce sentence and for compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic. He requests the Court to (1) waive the exhaustion requirement and (2) find that his preexisting medical conditions–severe Type 1 Diabetes Mellitus, Hypertension, Hypothyroidism, among other health issues–"make [him] susceptible to contracting and/or dying from COVID-19." Crim. Doc. 48 at 1. Carr also asserts that he has experienced "severe low blood sugar episodes"and "general issues with care" since the COVID-19 quarantine. *Id.* at 2. For the reasons set out below, the motion for reconsideration is DENIED.

A district court does not have inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). However, under Section 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020)

(quoting 18 U.S.C. § 3582(c)(1)(A)(I)); *see id.* at 693 n.1.  The court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020).

But before even seeking relief under § 3582(c)(1)(A), the defendant must exhaust all administrative remedies.  *See* 18 U.S.C. § 3582(c)(1)(A) (permitting the filing of a motion "*after the defendant has fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden . . . whichever is earlier" (emphasis added)).  The exhaustion requirement is "a glaring roadblock foreclosing compassionate release" where "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on his behalf" or if "there has been no adverse decision by BOP for [the defendant] to administratively exhaust within that time period." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see, e.g.*, *United States v. Orellana*, No. 4:17-CR-0220, 2020 WL 1853797, at *1 (S.D. Tex. Apr. 10, 2020); *United States v. Clark*, Crim. A. 17-85-SDD-RLB, 2020 WL 1557397, at *1, *3 (M.D. La. Apr. 1, 2020).

Here, Defendant concedes failing to exhaust his administrative remedies under § 3582(c)(1)(A).  He also does not provide specific factual information unique to his own circumstances and/or his preexisting medical conditions sufficient to excuse his failure to exhaust administrative remedies in the unique circumstances of the COVID-19 pandemic.  *See Raia*, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." (citations

omitted)); *see also United States v. Gross*, Crim. A. No. 15-769, 2020 WL 1673244, at *2 (S.D.N.Y. Apr. 6, 2020) ("[T]he statute includes an exhaustion requirement in recognition of the fact that 'BOP is frequently in the best position to assess, at least in the first instance, a defendant's conditions, the risk presented to the public by his release, and the adequacy of a release plan.'" (citation omitted)).  Thus, the Court again concludes that Defendant has failed to exhaust his administrative remedies.

Notwithstanding the failure to exhaust, the Court also finds, after considering the Section 3553(a) factors and applicable policy statements issued by the Sentencing Commission, that Defendant has not presented extraordinary and compelling reasons to warrant the reduction of Defendant's sentence under Section 3582(c)(1)(A).

The policy statement applicable to compassionate release—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing U.S.S.G. § 1B1.13(1)(A) & cmt. n.1).  The circumstance applicable here is whether Defendant is "suffering from a serious physical or medical condition ... that substantially diminishes [his] ability ... to provide self-care within the environment of a correctional facility and from which he ... is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). And, applying this standard, some courts have found that a particular prisoner's compromised health in light of a substantial likelihood that, should he contract COVID-19, he may not recover warranted a reduction under the compassionate release statute.  See, e.g., *United States v. Lee*, No. 3:07-CR-289-M-2, Dkt. No. 1950 at 8 (N.D. Tex. Apr. 23, 2020) ("Lee's older age [54] and, moreover, his preexisting medical conditions—asthma, bronchitis, and hypertension—and his recent hospitalization for breathing complications, combined

with the rapid spread of COVID-19 at FCI Oakdale, persuade the Court that he 'presents an extraordinary and compelling reason for compassionate release and that such release is consistent with applicable policy considerations.'").

But, using its discretion to apply the applicable policy statement,[1] the Court cannot find that Defendant has provided sufficient grounds for compassionate release. The Court does not downplay Defendant's preexisting medical conditions or discount that being confined in a prison makes it more difficult for Defendant—or any prisoner—to follow precautions from health officials, to "social distance" or to wash your hands as often as possible.

Defendant has failed, however, to provide the Court any medical records (in particular recent ones) to establish the severity of his Type 1 Diabetes and recent hypoglycemic episodes and his current ability to provide self-care. *See Delgado v. United States*, 3:17-CR-242-B, 2020 WL 2542624, *3 (N.D. Tex. May 19, 2020) (denying compassionate release in part due to failure to provide recent medical records "to establish how immunocompromised he may now be, which would have allowed the Court to assess his current ability to provide self-care"). Defendant has again only offered conclusory assertions. Moreover, the need for recent medical records is made more apparent by Defendant's young age (29) and the need to assess the severity of his own unique circumstances and preexisting medical conditions. As noted in *Delgado*, "the Court must consider every prisoner

---

[1]Section 1B1.13 has not been amended since the First Step Act expanded who may move for compassionate release under Section 3582(c)(1)(A). This fact and that the Sentencing Guidelines are no longer mandatory have caused several district courts in this circuit to not consider themselves bound by Section 1B1.13 and to apply this policy statement within their discretion. See, e.g., *United States v. Gonzales*, No. SA-05-CE-561-XR, 2019 WL 5102742, at *2-*3 (W.D. Tex. Oct. 10, 2019); *see also United States v. Perdigao*, Crim. A. No. 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020).

individually and should be cautious about making blanket pronouncements that categories of prisoners–for example, all those who have [chronic medical conditions identified by the CDC]–warrant compassionate release, even given the unique circumstances of the COVID-19 pandemic." *Id.*

Further, the BOP is currently reporting a big decrease in the number of positive cases at FMC Fort Worth–115 cases instead of the more than 600 cases alleged in Defendant's motion–and at least 515 inmates have recovered. *See* https://www.bop.gov/coronavirus/ (last visited on May 21, 2020. Although the Court has considered this information in its analysis, the Court also recognizes that the virus can spread rapidly, especially in prisons.

In addition, even if there are extraordinary and compelling reasons for a sentence reduction, the Court is not persuaded that the Section 3553(a) factors would support Defendant's request for compassionate release. *See United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) ("[C]ompassionate release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)."). The Court weighs those factors as it did at sentencing. Defendant is currently incarcerated for enticement of a minor. At sentencing, the advisory guidelines range was 188 to 235 months and the Court imposed a sentence near the middle at 210 months. Based on the record as a whole, the Court cannot now conclude that the Section 3553(a) factors would support the relief Defendant's request.

Therefore, Defendant's motion for reconsideration is DENIED.

SO ORDERED.

This 28th day of May, 2020.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE